JAMES B. GILPIN, Bar No. 151466
James.Gilpin@bbklaw.com
MATTHEW L. GREEN, Bar No. 227904
Matthew.Green@bbklaw.com
BEST BEST & KRIEGER LLP
655 W. Broadway, 15th Floor
San Diego, CA 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendant
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO (erroneously
sued as SUPERIOR COURT OF SAN
DIEGO COUNTY)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COALITION FOR FAMILIES AND CHILDREN, et al., Plaintiffs, v. SAN DIEGO COUNTY BAR ASSOCIATION, et al., Defendants. | Case No. 13-cv-1944-CAB (BLM)<br>Judge: Hon. Cathy Ann Bencivengo<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS<br><br>Date:  December 19, 2013<br>Time:  3:30 p.m.<br>Courtroom: 4C<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY COURT]**<br><br>Complaint Filed: August 20, 2013 |

Page

I.   INTRODUCTION ..................................................................................1

II.  LEGAL STANDARD .........................................................................3

III. ARGUMENT ........................................................................................5

    A.    PLAINTIFFS' COMPLAINT VIOLATES RULE 11 AND THE
        LOCAL CIVIL RULES ON NUMEROUS GROUNDS..................5

        1.    CCFC and Lexevia's Attempt To Proceed Without
               Counsel Violates Rule 11 and Local Civil Rule 83.3(k) ...........5

        2.    Lexevia's Attempt To Pursue Claims As A Suspended
               Corporation Violates Rule 11 ..........................................................7

        3.    Plaintiffs' Inclusion Of The Home Addresses Of Four
               Judicial Officers In Their Complaint Violates Rule 11
               And This Court's General Order 550................................................7

        4.    Plaintiffs' Filing Of A 1,300-Page Complaint In Violation
               Of Rule 8 Fails To Comply With Rule 11 .................................8

        5.    Plaintiffs' Claims Against The Superior Court And Its
               Judges And Employees Are Unwarranted Under The
               Eleventh Amendment And Thus In Violation Rule 11.................9

        6.    The Clear Application Of Judicial And Quasi-Judicial
               Immunity Renders Plaintiffs' Claims Against Judicial
               Officers And Mr. Roddy In Violation Of Rule 11...................10

        7.    Plaintiffs' Presentation Of The 13 Civil Rights Claims
               Relating To The So-Called "Stuart Assault" Violates Rule
               11 .........................................................................................................11

        8.    Plaintiffs' Civil Rights Claims Concerning Stuart's
               Dissolution Proceeding Violate Rule 11 ..................................14

        9.    Plaintiffs' Lanham Act Claim For False Advertising Is
               Unwarranted Under Existing Law And Thus Violates
               Rule 11 .............................................................................................15

        10.   Plaintiffs' Assertion Of RICO Claims Against The
               Superior Court Defendants Violates Rule 11...........................16

         11.   Plaintiffs' Pursuit Of Claims For Prospective Relief
               Without Standing Violates Rule 11 ...........................................17

    B.    PLAINTIFFS' VIOLATIONS OF RULE 11 WARRANT THE
        IMPOSITION OF SANCTIONS ...........................................................18

IV. CONCLUSION......................................................................................19

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashelman v. Pope,*
    793 F.2d 1072 (9th Cir. 1986) ........................................................................10

*B.C. v. Plumas Unified Sch. Dist.,*
    192 F.3d 1260 (9th Cir. 1999) .......................................................................18

*Barrus v. Sylvania,*
    55 F.3d 468 (9th Cir. 1995) ...........................................................................16

*Blake v. Dierdorff,*
    856 F.2d 1365 (9th Cir. 1988) .......................................................................16

*Estate of Brooks v. U.S.,*
    197 F.3d 1245 (9th Cir. 1999) .......................................................................11

*Business Guides, Inc. v. Chromatic Communications Enters.,*
    498 U.S. 533 (1991).........................................................................................4

*Cafasso v. Gen. Dynamics C4 Sys.,*
    637 F.3d 1047 (9th Cir. 2011) .........................................................................9

*Canlis v. San Joaquin Sheriff's Posse Comitatus,*
    641 F.2d 711 (9th Cir. 1981) ................................................................. 11, 13

*In re Castillo,*
    297 F.3d 940 (9th Cir. 2002) .........................................................................10

*Cerrato v. San Francisco Cmty. Coll. Dist.,*
    26 F.3d 968 (9th Cir. 1994) ...........................................................................11

*Chapman & Cole v. Itel Container Int'l B.V.,*
    865 F.2d 676 (5th Cir. 1989) .........................................................................17

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983).........................................................................................17

*Color-Vue, Inc. v. Abrams,*
    52 Cal. Rptr. 2d 443 (Ct. App. 1996) ..............................................................7

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) ...................................................................................3

*Dist. of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983) .................................................................................15

*Duerst v. State of Cal.*,
    2013 U.S. Dist. LEXIS 24827 (E.D. Cal. Feb. 22, 2013) ....................9, 10

*Eastway Constr. Corp. v. City of New York*,
    762 F.2d 243 (2nd Cir. 1985) .....................................................................4

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) .................................................................................15

*Forrett v. Richardson*,
    112 F.3d 416 (9th Cir. 1997) ...................................................................13

*Garcia v. Strayhord*,
    2013 U.S. Dist. LEXIS 135998 (S.D. Cal. Sep. 23, 2013) (Benitez, J.) ...........13

*Gaskell v. Weir*,
    10 F.3d 626 (9th Cir. 1993) .....................................................................18

*Gjurovich v. State of Cal.*,
    2010 U.S. Dist. LEXIS 118797 (E.D. Cal. Oct. 26, 2010) ......................10

*Greater Los Angeles Council of Deafness, Inc. v. Zolin*,
    812 F.2d 1103 (9th Cir. 1987) ...................................................................9

*Hacienda Valley Mobile Estates v. City of Morgan Hill*,
    353 F.3d 651 (9th Cir. 2003) ...................................................................12

*Harris v. RHH P'rs, LP*,
    2009 Del. Ch. LEXIS 42 (Del. Ch. Apr. 3, 2009) .....................................5

*Karim-Panahi v. Los Angeles Police Dept.*,
    839 F.2d 621 (9th Cir. 1988) ...................................................................11

*Kruse v. Hawaii*,
    68 F.3d 331 (9th Cir. 1995) .....................................................................17

*Long v. County of Los Angeles*,
    442 F.3d 1178 (9th Cir. 2006) .................................................................11

*Los Angeles County Ass'n of Envtl. Health Specialists v. Lewin*,
    215 F.Supp.2d 1071 (C.D. Cal. 2002) ...................................................9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................17

*Mahaley v. Mapes*,
    2013 U.S. Dist. LEXIS 65897 (C.D. Cal. Apr. 16, 2013) .....................9

*Merco Constr. Eng'rs, Inc. v. Mun. Ct.*,
    147 Cal. Rptr. 631 (Cal. 1978)..............................................................5

*Mir v. Little Company of Mary Hospital*,
    844 F.2d 646 (9th Cir. 1988) ...............................................................14

*Mireles v. Waco*,
    502 U.S. 9 (1991) ..................................................................................10

*Monell v. New York City Dep't of Soc. Servs*,
    436 U.S. 658 (1978)...............................................................................13

*Moore v. Brewster*,
    96 F.3d 1240 (9th Cir. 1996) ...............................................................10

*Morales v. Los Angeles*,
    214 F.3d 1151 (9th Cir. 2000) .............................................................12

*Morrison v. Jones*,
    607 F.2d 1269 (9th Cir. 1979) .............................................................10

*Mullis v. United States Bankr. Ct.*,
    828 F.2d 1385 (9th Cir. 1987) .............................................................10

*Occupational-Urgent Health Sys., Inc. v. Sutro & Co.*,
    711 F. Supp. 1016 (E.D. Cal. 1989) ....................................................16

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) ...............................................................16

*Oliver v. Placer Superior Court*,
    2013 U.S. Dist. LEXIS 82627 (E.D. Cal. Jun. 10, 2013) ..............9, 10

*Paradise Creations, Inc. v. UV Sales, Inc.*,
    315 F.3d 1304 (Fed. Cir. 2003) .............................................................5

*Patterson v. Aiken*,
   841 F.2d 386 (11th Cir. 1988) ...............................................................3

*Portman v. County of Santa Clara*,
   995 F.2d 898 (9th Cir. 1993) ...............................................................11

*RK Ventures, Inc. v. City of Seattle*,
   307 F.3d 1045 (9th Cir. 2002) .............................................................11

*Robbins v. P'ship for Bank Capital, L.P.*,
   2010 Del. Ch. LEXIS 167 (Del. Ch. Jul. 23, 2010)................................5

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923)..............................................................................15

*Samuel v. Michaud*,
   980 F. Supp. 1381 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997) ..........15

*Sekerke v. Kemp*,
   2013 U.S. Dist. LEXIS 35041 ..............................................................11

*Simmons v. Sacramento County Superior Court*,
   318 F.3d 1156 (9th Cir. 2003) ................................................................9

*Smith v. Montoro*,
   648 F.2d 602 (9th Cir. 1981) ................................................................15

*Stump v. Sparkman*,
   435 U.S. 349 (1978)..............................................................................10

*Sun Sav. & Loan Ass'n v. Dierdorff*,
   825 F.2d 187 (9th Cir. 1987) ................................................................16

*Taylor v. Regents of Univ. of Cal.*,
   993 F.2d 710 (9th Cir. 1993) ................................................................12

*Townsend v. Holman Consulting Corp.*,
   914 F.2d 1136 (9th Cir. 1990) ................................................................3

*U.S. v. Lockheed-Martin Corp.*,
   328 F.3d 374 (7th Cir. 2003) ..................................................................8

*Usher v. City of Los Angeles*,
   828 F.2d 556 (9th Cir. 1987) ................................................................12

*Zaldivar v. City of Los Angeles,*
    780 F.2d 823 (9th Cir. 1986) ................................................................4

**Statutes**

15 U.S.C. § 1125(a)................................................................ 2, 15, 16

42 U.S.C. § 1983 .............................................................. *passim*

42 U.S.C. § 1985 .............................................................. 11, 13

42 U.S.C. § 1986 .............................................................. 11, 13

Cal. Code Civ. Proc. § 335.1................................................12

Cal. Rev. & Tax. Code § 19719 ............................................7

Cal. Rev. & Tax. Code § 23301 ............................................7


**Other Authorities**

Fed. Rule Civ. P. 11 .............................................................. *passim*

Local Civil Rule 83.1 ............................................... 1, 4, 18

Local Civil Rule 83.3(k) .............................................5, 6

Local Rule 5.1(j)(1)..................................................5, 6

Defendant Superior Court of California, County of San Diego, erroneously sued as Superior Court of San Diego County ("Superior Court"), respectfully submits the following memorandum of points and authorities in support of its motion for sanctions against Plaintiffs California Coalition for Families and Children ("CCFC"), Lexevia, PC ("Lexevia"), and Colbern C. Stuart ("Stuart") (collectively, "Plaintiffs") under Federal Rule of Civil Procedure 11 and Local Civil Rule 83.1.

## I.

## <u>INTRODUCTION</u>

On August 20, 2013, Plaintiffs filed a Complaint totaling approximately 1,300 pages in length and purporting to assert 35 claims against 49 defendants that Plaintiffs describe as being a part of the "family law community." (Compl. ¶ 60.) The "central subject" of the Complaint relates to a family law seminar hosted by the San Diego County Bar Association in April 2010, at which Stuart was arrested pursuant to an outstanding bench warrant. (*See* Compl. ¶¶ 114, 135; *see also* Request for Judicial Notice ("RJN"), Ex. A) The Complaint also purports to challenge the overall "family law system" based on Stuart's dealings therewith in his own dissolution proceeding in 2008 and 2009. (*See* Compl. ¶¶ 77, 78.8, 237-245.)

Plaintiffs have named (1) the Superior Court, (2) the Honorable Robert J. Trentacosta, Presiding Judge of the Superior Court, erroneously sued as Robert J. Trentacosta, (3) Michael M. Roddy, Executive Officer of the Superior Court, (4) the Honorable Lisa Schall, Judge of the Superior Court, (5) the Honorable Lorna A. Alksne, Judge of the Superior Court, (6) the Honorable Christine K. Goldsmith, Judge of the Superior Court, (7) the Honorable Jeannie Lowe, Commissioner of the Superior Court (Ret.), (8) the Honorable William H. McAdam, Jr., Judge of the Superior Court, (9) the Honorable Edlene C. McKenzie, Commissioner of the Superior Court, and/or (10) the Honorable Joel R. Wohlfeil, Judge of the Superior

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

MEM. OF P. & A. IN SUPP. OF
MOT. FOR SANCTIONS
13-cv-1944-CAB (BLM)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

Court (collectively, "Superior Court Defendants") as defendants in 32 of the 35 claims in the Complaint, which consist of claims for alleged federal civil rights violations, false advertising under the Lanham Act, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and equitable relief. (Compl. ¶¶ 142-176, 180-257, 260-267, 345-374, 392-396.) Such claims lack evidentiary support, are not warranted by existing law, and have been presented to harass the Superior Court Defendants in violation of Rule 11.

Plaintiffs' violations of Rule 11 include: (1) CCFC and Lexevia's attempt to proceed *in propria persona* in violation of the laws of the states in which they were organized and the Local Civil Rules; (2) Lexevia's pursuit of claims without the capacity to do so as a suspended corporation; (3) Plaintiffs' inclusion of the residential addresses of defendant judicial officers in the Complaint; (4) Plaintiffs' filing of a frivolous, 1,300-page complaint; (5) Plaintiffs' assertion of claims against the Superior Court and its judges and employees in their official capacities despite the clear application of Eleventh Amendment immunity; (6) Plaintiffs' filing of claims against judicial officers and Mr. Roddy in the face of judicial and quasi-judicial immunity; (7) Plaintiffs' presentation of civil rights claims relating to the so-called "Stuart Assault" at the family law seminar that ostensibly lack evidentiary and legal support and are barred by the statute of limitations; (8) Plaintiffs' pursuit of civil rights claims concerning Stuart's dissolution proceeding that are also untimely and barred by the *Rooker-Feldman* doctrine; (9) Plaintiffs' frivolous assertion of a false advertising claim, given the Superior Court Defendants do not advertise or sell services and are not commercial competitors of anyone; (10) the filing of Plaintiffs' factually and legally unsupportable RICO claims; and (11) Plaintiffs' presentation of claims for prospective relief without standing to do so.

/ / /

/ / /

Due to the length of Plaintiffs' Complaint and the number of claims set forth therein, the Superior Court Defendants were forced to incur $10,675.00 in attorneys' fees to defend the action through preparation of a motion to dismiss. (Doc. No. 16.) Accordingly, the Court should grant the Superior Court's motion for sanctions and award reasonable attorneys' fees in the amount of $10,675.00.

## II.

## LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part:

> By presenting to the court a pleading … an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims … are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

"It is now clear the central purpose of Rule 11 is to deter baseless filings in District Court and thus … streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990) (superseded by statute on other grounds). A pleading need not be frivolous as a whole to violate Rule 11(b). Rule 11 is violated "where it is shown that the Rule was violated as to a portion of a pleading, even though it was not violated as to other portions." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). A violation of Rule 11 also occurs upon the frivolous joinder of parties. *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990).

Rule 11 is violated "if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

factual foundation, even if the paper was not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (overruled on other grounds by *Cooter & Gell*). The Rule 11 certification imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing[.]" *Business Guides, Inc. v. Chromatic Communications Enters.*, 498 U.S. 533, 550 (1991). A pleading is not warranted by law under Rule 11(b)(2) where it is "patently clear that a claim has absolutely no chance of success under the existing precedents, and … no reasonable argument can be advanced to extend, modify or reverse the law as it stands …." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2nd Cir. 1985). The applicable standard to determine whether Rule 11 is violated is "one of reasonableness under the circumstances." *Business Guides*, 498 U.S. at 550.

Where a court determines that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The nature of the sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

The Local Civil Rules for this Court also provide for the imposition of sanctions under certain enumerated events. Local Civil Rule 83.1 states in pertinent part:

> a. Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt,

imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

b.  For violations of these Local Rules or of a specific court order, the court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the nonappropriated fund of the court.

### III.

### ARGUMENT

**A.  PLAINTIFFS' COMPLAINT VIOLATES RULE 11 AND THE LOCAL CIVIL RULES ON NUMEROUS GROUNDS**

1.  <u>CCFC and Lexevia's Attempt To Proceed Without Counsel Violates Rule 11 and Local Civil Rule 83.3(k).</u>

CCFC and Lexevia's capacity to sue is determined by the law of the state in which each corporation was organized.  Fed. R. Civ. P. 17(b)(2); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1307 (Fed. Cir. 2003).  CCFC's capacity to sue is therefore governed by Delaware law, while Lexevia's capacity to sue is dictated by California law.  (Compl. at 1; RJN, Exs. B-C.)  Under the law of both states, a corporation must appear in an action through counsel and cannot proceed *in propria persona*.  *Robbins v. P'ship for Bank Capital, L.P.*, 2010 Del. Ch. LEXIS 167, at *2 (Del. Ch. Jul. 23, 2010); *Harris v. RHH P'rs, LP*, 2009 Del. Ch. LEXIS 42, at *6 (Del. Ch. Apr. 3, 2009); *Merco Constr. Eng'rs, Inc. v. Mun. Ct.*, 147 Cal. Rptr. 631, 635 (Cal. 1978).  Local Civil Rule 83.3(k) also requires corporations to appear through an attorney.

Civil Local Rule 5.1(j)(1) requires that the title page of every pleading include the address and telephone number of the attorney appearing for a party or of an individual appearing *pro se*.  The title page of the Complaint in this action identifies Stuart and Dean Browning Webb, a Washington attorney.  (Compl. at 1.)  Neither Mr. Webb nor Stuart, however, are counsel for CCFC or Lexevia.

As to Mr. Webb, although the title page to the Complaint indicates a *pro hac vice* application is pending, no such application is reflected on the Court's docket.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

1  Mr. Webb also did not sign the Complaint. (*See* Compl. at 171.) Indeed, Mr.

2  Webb informed the Superior Court's counsel on August 26, 2013, that Stuart used

3  his name on the Complaint without permission. (Doc. No. 16, Attachment 3

4  (Nesthus Decl.) ¶ 4.)

5      With regard to Stuart, the Complaint alleges he is an attorney licensed and

6  admitted to practice in California, Arizona, and Nevada "at all relevant times," has

7  been admitted to practice law in multiple federal districts, assisted with preparing a

8  petition for certiorari in a separate action in June 2013, and is "an officer of the

9  courts." (Compl. ¶¶ 3, 102, 103, Ex. 2.) According to Lexevia's website, Stuart

10 also is the founder and CEO of Lexevia, worked at the United States Attorneys'

11 Office in the District of Columbia prosecuting felony crimes, and "has been a

12 Partner and Associate at several large international firms, including Paul Hastings;

13 Katten, Muchin, Rosenman; Brobeck, Phleger, & Harrison; and Heller Ehrman."

14 (Green Decl., Ex. 1.) Stuart, however, was disbarred in California effective

15 December 2012, and his licenses in Arizona and Nevada are both suspended. (RJN,

16 Exs. D-H.) Stuart therefore cannot serve as counsel for any party in this case.[1]

17     Given neither CCFC and Lexevia are represented by counsel in this matter,

18 their claims are clearly unwarranted by existing law and accordingly in violation of

19 Rule 11(b)(2), as well as Local Civil Rule 83.3(k). Plaintiffs' erroneous

20 identification of Mr. Webb as counsel and statement that he has a *pro hac vice*

21 application pending also violate Rule 11(b)(1) and (b)(3) and Civil Local Rule

22 5.1(j)(1).

23 / / /

24 / / /

25 / / /

26

---

27 [1]    While Stuart filed the Complaint *pro se*, he is certainly no ordinary *pro se* plaintiff, given
28 he was admitted to practice law in California for 17 years and was a partner at multiple major law
firms.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

2.　　**Lexevia's Attempt To Pursue Claims As A Suspended Corporation Violates Rule 11.**

Under California law, a suspended corporation lacks capacity to sue. *Color-Vue, Inc. v. Abrams*, 52 Cal. Rptr. 2d 443, 446 (Ct. App. 1996); *see also* Cal. Rev. & Tax. Code § 23301; Cal. Corps. Code § 2205. Indeed, anyone who purports to exercise the rights and powers of a suspended corporation is guilty of a misdemeanor. Cal. Rev. & Tax. Code § 19719. Given Lexevia is a suspended corporation, (RJN, Ex. C), its claims in this action are not warranted by existing law and therefore violate Rule 11(b)(2).

3.　　**Plaintiffs' Inclusion Of The Home Addresses Of Four Judicial Officers In Their Complaint Violates Rule 11 And This Court's General Order 550.**

For no ostensible purpose other than harassment, Plaintiffs' Complaint contains the residential addresses of Judges Trentacosta, Schall, Alksne, and Wohlfeil.[2] (Compl. ¶¶ 11, 22, 23, 29.) Pursuant to Section 1(h)(5) of the Court's General Order 550, parties must refrain from including home addresses in all pleadings and documents filed with the Court.

Not only did Plaintiffs violate General Order 550, but Plaintiffs refused to take any steps to correct their violation. Instead, Plaintiffs applied ex parte on August 26, 2013, for an order excusing their compliance with the Superior Court's counsel's demand that the addresses be removed from the Complaint, claiming there was no violation of General Order 550. (Doc. No. 4, at 5:24-6:1, 15:9-26.) Plaintiffs' ex parte application even acknowledges that as of the prior day, "the VERIFIED COMPLAINT containing the residential addresses of several Defendants ha[d] been viewed over 119,296 times [on an Internet blog], and this number is progressing at a rate of about 20,000 views per day." (Doc. No. 4, at 6:18-7:5.)

---

[2]　　The Complaint also contains the home addresses of Chief Justice Tani G. Cantil-Sakauye and Lawrence J. Simi, Chairperson for the Commission on Judicial Performance. (Compl. ¶¶ 17, 19.)

MEM. OF P. & A. IN SUPP. OF
MOT. FOR SANCTIONS
13-cv-1944-CAB (BLM)

Recognizing that the Complaint contains confidential information, particularly the home addresses of judicial officers, the Court issued a minute order on August 26, 2013, directing that the Complaint be sealed.  (Doc. No. 5; *see also* Doc. No. 9.)  Without first obtaining leave of this Court, Plaintiffs thereafter filed a redacted complaint, which continued to identify the city in which the judges reside.  (Doc. Nos. 8, 9.)  On September 13, 2013, the Court accordingly entered a minute order directing that the redacted complaint be sealed.  (Doc. No. 9.)  Indeed, General Order 550 only permits the inclusion of the city in documents filed in criminal cases and only if a home address must be included.

Based upon Plaintiffs' conduct, it is clear the purpose of including home addresses in the Complaint was to harass and intimidate the defendant judicial officers.  In addition to violating General Order 550, Plaintiffs' inclusion of the residential addresses therefore also violates Rule 11(b)(1).

> 4.  Plaintiffs' Filing Of A 1,300-Page Complaint In Violation Of Rule 8 Fails To Comply With Rule 11.

Federal Rule of Civil Procedure 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."  *U.S. v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (dismissing 155-page complaint with prejudice that was so "sprawling" as to be "incomprehensible").  The Ninth Circuit has opined:

> … [W]e have never held – and we know of no authority supporting the proposition – that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

1  (upholding a Rule 8(a) dismissal of "confusing,
2  distracting, ambiguous, and unintelligible pleadings"). …
   Rule 8(a) has "been held to be violated by a pleading that
3  was needlessly long, or a complaint that was highly
   repetitious, or confused, or consisted of incomprehensible
4  rambling." [Citation.] Our district courts are busy
   enough without having to penetrate a tome approaching
5  the magnitude of *War and Peace* to discern a plaintiff's
   claims and allegations."

6  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (denial of

7  request to file 773-page proposed amended complaint).

8  The Complaint in this action totals approximately 1,300 pages with all of its

9  voluminous exhibits. Similar to the authorities referenced above, the Complaint

10 consists of "incomprehensible rambling" and requires the defendants and the Court

11 "to penetrate a tome approaching the magnitude of *War and Peace* to discern [the]

12 plaintiff's claims and allegations." *Cafasso*, 637 F.3d at 1058. Additionally, the 32

13 claims asserted against the various Superior Court Defendants are "confusing and

14 conclusory." *Id.*; (Compl. ¶¶ 141-257, 260-267, 345-396). Given Plaintiffs' filing

15 of the Complaint constitutes nothing more than harassment of the Superior Court

16 Defendants, Plaintiffs' presentation of the same violates Rule 11(b)(3).

17   5.  Plaintiffs' Claims Against The Superior Court And Its Judges
18       And Employees Are Unwarranted Under The Eleventh
         Amendment And Thus In Violation Rule 11.

19 It is well-settled in the Ninth Circuit that California superior courts are

20 considered arms of the state and therefore enjoy Eleventh Amendment immunity.

21 *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.

22 2003); *Greater Los Angeles Council of Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110

23 (9th Cir. 1987); *Los Angeles County Ass'n of Envtl. Health Specialists v. Lewin*,

24 215 F.Supp.2d 1071, 1078 (C.D. Cal. 2002); *Duerst v. State of Cal.*, 2013 U.S.

25 Dist. LEXIS 24827, at *4-5 (E.D. Cal. Feb. 22, 2013). It also well-established that

26 Eleventh Amendment immunity bars claims against judges and court employees in

27 their official capacities. *Simmons*, 318 F.3d at 1161; *Oliver v. Placer Superior

28 Court*, 2013 U.S. Dist. LEXIS 82627, at *9-10 (E.D. Cal. Jun. 10, 2013); *Mahaley*

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

MEM. OF P. & A. IN SUPP. OF
MOT. FOR SANCTIONS
13-cv-1944-CAB (BLM)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

1   *v. Mapes*, 2013 U.S. Dist. LEXIS 65897, at * 19 (C.D. Cal. Apr. 16, 2013).

2   Because the Superior Court and its judges and employees in their official capacities

3   are immune from Plaintiffs' claims under the Eleventh Amendment, such claims

4   are not warranted by existing law and therefore violate Rule 11(b)(2).

5           6.      The Clear Application Of Judicial And Quasi-Judicial Immunity
                    Renders Plaintiffs' Claims Against Judicial Officers And Mr.
6                   Roddy In Violation Of Rule 11.

7           Judges are generally immune from civil liability for acts performed in their

8   judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v.*

9   *Sparkman*, 435 U.S. 349, 362 (1978); *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th

10  Cir. 1996); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987);

11  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Oliver*,

12  2013 U.S. Dist. LEXIS 82627, at *9-10; *Duerst*, 2013 U.S. Dist. LEXIS 24827, at

13  *5-6; *Gjurovich v. State of Cal.*, 2010 U.S. Dist. LEXIS 118797, at *7 (E.D. Cal.

14  Oct. 26, 2010).   Non-judicial officers also enjoy absolute quasi-judicial immunity

15  when they perform tasks that are an integral part of the judicial process.   *In re*

16  *Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Morrison v. Jones*, 607 F.2d 1269,

17  1273 (9th Cir. 1979).

18          Aside from those claims relating to the April 2010 bar event incident, the

19  remainder of Plaintiffs' claims concern Plaintiffs' conclusory allegation that family

20  court judges fail to follow the law, particularly in connection with Child Custody

21  Evaluators and Stuart's own dissolution proceeding. (*See* Compl. ¶¶ 77, 78.8, 237-

22  245.)   Because such conduct by the judicial defendants is clearly protected by

23  judicial immunity, and Mr. Roddy's alleged acts relating thereto are subject to

24  quasi-judicial immunity, (*see* Compl. ¶ 8), Plaintiffs' claims against these

25  defendants are unwarranted under existing law and in violation of Rule 11(b)(2).

26  / / /

27  / / /

28  / / /

7.   Plaintiffs' Presentation Of The 13 Civil Rights Claims Relating To The So-Called "Stuart Assault" Violates Rule 11.

The Complaint purports to assert a total of 13 civil rights claims against certain Superior Court Defendants relating to the so-called "Stuart Assault" at the April 2010 bar association seminar – eight claims under 42 U.S.C. § 1983, four claims under 42 U.S.C. § 1985, and one claim under 42 U.S.C. § 1986. (Compl. ¶¶ 142-150, 158-176, 180-215.) To state a claim under Section 1983, a plaintiff must allege "that a right secured by the Constitution or the laws of the United States was violated[.]" *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. U.S.*, 197 F.3d 1245, 1248 (9th Cir. 1999).

To establish a Section 1985(1) claim, a plaintiff must establish that two or more individuals conspired to prevent him or her from assuming or discharging duties as a public officer. 42 U.S.C. § 1985(1); *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981). Sections 1985(2) and (3) prohibit conspiracies to interfere with the civil rights of others. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Claims under Section 1985(2) and (3) "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Id.* An allegation of racial or class-based discrimination is also required to state a claim for relief under either subsection. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

Section 1986 "authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). A conspiracy under § 1985 is therefore a prerequisite to a valid claim under § 1986. *Sekerke v. Kemp*, 2013 U.S. Dist. LEXIS 35041, at (S.D. Cal. Mar. 12, 2013)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

MEM. OF P. & A. IN SUPP. OF MOT. FOR SANCTIONS 13-cv-1944-CAB (BLM)

(Moskowitz, J.) (citing *Karim-Panahi*, 839 F.2d at 626).

As for the time for bringing civil rights claims, such claims are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1; *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 n.2 (9th Cir. 2003); *see also Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993). The statute of limitations for these claims begins to run when the "plaintiff knows or had reason to know" of the injury which is the basis of the action. *Morales v. Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000).

According to the Complaint, Stuart was detained by Sheriff's deputies at the family law seminar following a conversation between unidentified Sheriff's deputies and Judge Alksne. (Compl. ¶¶ 130-133.) The Complaint further alleges Judges Goldsmith, McAdam, McKenzie, and Wohlfeil and Commissioner Lowe were "organizers and panel members" at the seminar. (Compl. ¶¶ 25-29.) The Complaint also summarily avers that all defendants conspired to support the so-called "Stuart Assault." (Compl. ¶¶ 137-140.) Moreover, the Complaint purports to impose supervisory liability and principles of respondeat superior against Judges Alksne and Trentacosta and Mr. Roddy. (Compl. ¶¶ 166, 176.)

Notwithstanding the Superior Court Defendants' immunity from suit, Plaintiffs' civil rights claims are not warranted under existing law and have no evidentiary support. *See* Fed. R. Civ. P. 11(b)(2)-(3). Plaintiffs' attempt to impose liability against Superior Court Defendants without satisfying the causation requirement for Section 1983 claims is unwarranted. Indeed, no existing law supports liability against Judge Alksne for speaking to Sheriff's deputies prior to Stuart's arrest, and no existing law establishes liability against Judges Goldsmith, McAdam, McKenzie, and Wohlfeil and Commissioner Lowe for organizing and attending the Bar Association event.

/ / /

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

As to Plaintiffs' conspiracy allegations, the Complaint avers that "Defendants and each of them affiliated, came to a meeting of the minds, and agreed to support the Stuart Assault in retaliation, abuse of process, and obstruction of justice as described herein." (Compl. ¶ 138.) "To allege a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights." *Garcia v. Strayhord*, 2013 U.S. Dist. LEXIS 135998, at *3 (S.D. Cal. Sep. 23, 2013) (Benitez, J.) (citing *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989)). Because there is no evidentiary support for any purported conspiracy between any Superior Court Defendants and the other defendants named in this action, Plaintiffs' Complaint violates Rule 11(b)(3).

Plaintiffs' inclusion of Judges Alksne and Trentacosta and Mr. Roddy in their civil rights claims under the theory of respondeat superior is also unwarranted under existing law. (*See* Compl. ¶¶ 166, 176.) Not only it is well-settled there is no Section 1983 liability for alleged constitutional violations under the theory of respondeat superior, but there is no evidentiary support for the proposition that any of the judges under the alleged supervision of Judges Alksne and Trentacosta and Mr. Roddy violated Plaintiffs' civil rights at the seminar. *See Monell v. New York City Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978); *Forrett v. Richardson*, 112 F.3d 416, 421 (9th Cir. 1997).

Plaintiffs' claims under Sections 1985 and 1986 are equally frivolous. Section 1985(1)'s protections only apply to federal officers, which Stuart is not. *Canlis*, 641 F.2d at 717. As to Plaintiffs' Section 1985(2) and (3) claims, there is no evidentiary support for any purported conspiracy to commit the so-called "Stuart Assault," or facts establishing racial or class-based discrimination. Given the absence of any facts supporting a violation of Section 1985, there is no legal or factual basis for Plaintiffs' Section 1986 claim.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

1    In addition to the absence of factual or legal support for Plaintiffs' civil rights

2    claims against the Superior Court Defendants relating to the so-called "Stuart

3    Assault," these 13 claims arise out of an incident that occurred on April 15, 2010.

4    (Compl. ¶¶ 114, 142-150, 158-176, 180-215.)  Because Plaintiffs did not commence

5    this action until August 20, 2013, Plaintiffs' civil rights claims are barred by the

6    statute of limitations.  Such claims are therefore clearly unwarranted under existing

7    law and in violation of Rule 11.  (*See, e.g., Mir v. Little Company of Mary Hospital*,

8    844 F.2d 646, 653 (9th Cir. 1988) (affirming district court's award of sanctions

9    under Rule 11 where plaintiff brought action "in the face of clear authority that

10   each claim was barred by procedural limitations[,]" including the statute of

11   limitations).

12            8.    Plaintiffs' Civil Rights Claims Concerning Stuart's Dissolution
                    Proceeding Violate Rule 11.
13

14   Plaintiffs also attempt to allege three Section 1983 claims against certain

15   Superior Court Defendants arising out of Stuart's dissolution proceeding.  (Compl.

16   ¶¶ 216-257.)  According to Plaintiffs, Judge Wohlfeil, who presided over Stuart's

17   dissolution proceeding at one time, recommended that Dr. Doyne mediate custody

18   concerning Stuart's son on April 10, 2008, and assured Stuart that Dr. Doyne was a

19   "trustworthy[,] competent mediator." (Compl. ¶¶ 237. 239.)  Plaintiffs allege Stuart

20   followed Judge Wohlfeil's recommendation to use Dr. Doyne, and that Judge

21   Wohlfeil "retained administrative supervisory authority, oversight, and ability to

22   prevent or aid in preventing the breaches of duty, fraud, extortion, and abuse of [Dr.

23   Doyne] …." (Compl. ¶ 239.)   Judge Schall is alleged to have taken over Judge

24   Wohlfeil's courtroom in December 2008, and to have continued with the same

25   purported oversight responsibilities until November 2009.  (Compl. ¶¶ 240-41.)

26   Plaintiffs aver that Judges Wohlfeil and Schall permitted Dr. Doyne "to commit the

27   fraud, abuse of process, extortion, and terror against Stuart." (Compl. ¶ 243.)

28   / / /

As noted above, Plaintiffs had two years to file a Section 1983 action challenging any of the Superior Court Defendants' orders or decisions concerning Dr. Doyne in the dissolution proceeding. Given that Counts 17 through 19 of the Complaint challenge conduct that occurred between April 2008 and November 2009, (Compl. ¶¶ 237, 240-41), Plaintiffs' filing of this action on August 20, 2013, renders such claims untimely.

Plaintiffs' challenge of decisions rendered by Judges Wohlfeil and Schall is also barred under the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Indeed, the district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997). Because the crux of Counts 18 and 19 of the Complaint is that Judges Wohlfeil and Schall erred in the recommendation to use Dr. Doyne as the mediator in Stuart's dissolution proceeding, these claims are thus subject to dismissal under the *Rooker-Feldman* doctrine. Plaintiffs' claims relating to Stuart's dissolution proceeding therefore violate Rule 11, as they are unwarranted under existing law.

9.   Plaintiffs' Lanham Act Claim For False Advertising Is Unwarranted Under Existing Law And Thus Violates Rule 11.

In Count 21 of the Complaint, Plaintiffs attempt to assert a false advertising claim against all defendants under the Lanham Act, 15 U.S.C. § 1125. (Compl. ¶¶ 260-267.) Section 43(a) of the Lanham Act prohibits the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services. *Smith v. Montoro*, 648 F.2d 602, 605 (9th Cir. 1981); 15

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

U.S.C. § 1125(a). A false advertising claim requires the plaintiff to "allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995). Because the Superior Court Defendants do not engage in the advertisement or sale of goods or services, are not involved in interstate commerce, do not compete commercially with anyone, let alone Stuart, and there is no factual or legal support for a Lanham Act action against the Superior Court Defendants, Plaintiffs' attempt to assert a false advertising claim against the Superior Court Defendants violates Rule 11.

10. <u>Plaintiffs' Assertion Of RICO Claims Against The Superior Court Defendants Violates Rule 11.</u>

Plaintiffs also attempt to assert 12 RICO claims against various Superior Court Defendants, the majority of which appear to arise out of the so-called "Stuart Assault." (Compl. ¶¶ 345-374.) "[T]he following are essential elements of any civil RICO action: (1) the existence of a RICO 'enterprise'; (2) the existence of a 'pattern of racketeering activity'; (3) a nexus between the defendant and either the pattern of racketeering activity or the RICO 'enterprise'; and (4) resulting injury to plaintiff, in his 'business or property.'" *Occupational-Urgent Health Sys., Inc. v. Sutro & Co.*, 711 F. Supp. 1016, 1021 (E.D. Cal. 1989).

"To establish the existence of … an enterprise, a plaintiff must provide both evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (internal quotation marks omitted). To satisfy RICO's pattern requirement, a plaintiff must allege two or more predicate acts. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 193 (9th Cir. 1987). The plaintiff must plead such acts with specificity and identify the individual actions of each defendant sufficient to constitute a pattern of racketeering activity. *Blake v. Dierdorff*, 856 F.2d 1365, 1370 (9th Cir. 1988).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

As to the enterprise element, Plaintiffs allege the existence of three enterprises purportedly involving Superior Court Defendants: (1) the "Domestic Dispute Industry Criminal Enterprise (DDICE)," (2) the "San Diego Family Law Community Domestic Dispute Industry Criminal Enterprise (SD-DDICE)," and (3) the "Domestic Dispute Industry Intervention Advocate Criminal Enterprise (DDC-IACE)." (Compl. ¶¶ 273-283.) With regard to RICO's pattern requirement, Plaintiffs identify 25 alleged statutory violations constituting "racketeering activity," which include fraud, witness tampering, and several crimes relating to slavery. (Compl. ¶ 336.) Given there is no evidentiary support establishing either an ongoing organization involving any Superior Court Defendant, or any conduct amounting to a pattern of racketeering activity, Plaintiffs' assertion of RICO claims against the Superior Court Defendants violates Rule 11. (*See, e g., Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir. 1989) (upholding district court's sanctions award under Rule 11 in connection with RICO claim).

11. <u>Plaintiffs' Pursuit Of Claims For Prospective Relief Without Standing Violates Rule 11</u>.

Finally, Plaintiffs attempt to assert a claim for prospective relief against all defendants. (Compl. ¶¶ 392-396.) Plaintiffs generally ask the Court to enjoin defendants from further alleged violations of their rights. (Compl. ¶ 396.) Notwithstanding Plaintiffs' inability to establish past violations by any Superior Court Defendants, Plaintiffs also lack standing to pursue prospective relief.

To satisfy Article III standing in the context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a "concrete and particularized" legal harm, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), coupled with "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "To obtain injunctive relief, a reasonable showing of a sufficient likelihood that plaintiff will be injured again is necessary." *Kruse v. Hawaii*, 68 F.3d 331, 335 (9th Cir. 1995)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

(internal quotation marks and alteration omitted); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Plaintiffs' attempt to obtain prospective relief based exclusively on alleged past wrongs is unwarranted under existing law and therefore violates Rule 11(b)(2).

## B. PLAINTIFFS' VIOLATIONS OF RULE 11 WARRANT THE IMPOSITION OF SANCTIONS

As noted above, Rule 11 authorizes the imposition of "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Potential sanctions include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" "if imposed on motion and warranted for effective deterrence[.]" Fed. R. Civ. P. 11(c)(4). Local Civil Rule 83.1(a) similarly permits the "imposition of monetary sanctions or attorneys' fees and costs[.]"

"In a case like this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) (affirming imposition of sanctions where the allegations in support of a Section 1983 claim "were so baseless that the complaint was frivolous"). To defend against the 32 claims asserted by Plaintiffs against the Superior Court Defendants in their 1,300-page Complaint, the Superior Court Defendants were forced to incur considerable expenses to prepare a motion to dismiss. (Doc. No. 16.) The Superior Court therefore respectfully requests the imposition of monetary sanctions in the form of a fee award against Plaintiffs, jointly and severally, in the amount of $10,675.00. (*See* Green Decl. ¶ 4.)

/ / /

/ / /

/ / /

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant the Superior Court's motion for sanctions and award the Superior Court reasonable attorneys' fees in the amount of $10,675.00.

Dated:      October 18, 2013          BEST BEST & KRIEGER LLP


By: /s/ Matthew L. Green
   JAMES B. GILPIN
   MATTHEW L. GREEN
   Attorneys for Defendant
   SUPERIOR COURT OF
   CALIFORNIA, COUNTY OF SAN
   DIEGO (erroneously sued as
   SUPERIOR COURT OF SAN
   DIEGO COUNTY)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

25508.00086\8315410.2

- 19 -

MEM. OF P. & A. IN SUPP. OF
MOT. FOR SANCTIONS
13-cv-1944-CAB (BLM)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(E). Any other counsel of record will be served by facsimile transmission and/or first class mail this 14th day of November 2013.


/s/ Matthew L. Green _____