Colbern C. Stuart III
E-Mail: Cole.Stuart@Lexevia.com
4891 Pacific Highway Ste. 102
San Diego, CA 92110
Telephone: 858-504-0171
Facsimile: 619-231-9143
In Pro Se

Dean Browning Webb (pro hac vice)
Email: RICOman1968@aol.com
Law Offices of Dean Browning Webb
515 E 39th St.
Vancouver, WA 98663-2240
Telephone: 503-629-2176

Eric W. Ching, Esq. SBN 292357
5252 Balboa Arms Dr. Unit 132
San Diego, CA 92117
Phone: 510-449-1091
Facsimile: 619-231-9143

Attorneys for Plaintiff California Coalition for Families and Children, PBC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COALITION FOR FAMILIES AND CHILDREN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY BAR ASSOCIATION, et al., <br><br> Defendants | Case No. 3:13-cv-1944-CAB (BLM) <br> Judge: Hon. Cathy Ann Bencivengo <br><br> PLAINTIFFS' MOTION TO TAKE EARLY DISCOVERY <br><br> Date: June 27, 2014 <br> Time: 2:00 p.m. <br> Courtroom: 4C <br><br> ORAL ARGUMENT REQUESTED SUBJECT TO COURT APPROVAL <br><br> Complaint Filed: August 20, 2013 |

1

1

2

## Contents

I.   MOTION ................................................................................2

II.   DISCUSSION...........................................................................3

   A.  Good Cause Exists to Take Pre-Rule 26(f) Discovery.......................................7

III.   CONCLUSION .........................................................................14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     MOTION

Plaintiffs hereby move this Court for leave to take discovery prior to a Rule 26(f) conference ("Early Discovery Motion") pursuant to Federal Rule of Civil Procedure 26(d), which provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Plaintiffs move for an order issuing the attached subpoena and permitting the taking of testimony at deposition and at hearing on Defendants' Omnibus Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 131) presently calendared for June 6, 2014, 2:00 p.m. in Department 4C.

Detailed below, Plaintiffs seek to depose and call Mr. Lucas as a witness on his Declaration In Support of Omnibus Motion to Dismiss First Amended Complaint (Doc. No. 131-2).  In his Declaration, Mr. Lucas proffers to testify on extrinsic matters of his review of the complaint and exhibits, and offers expert witness testimony on legal standards of care.  He also sponsors extrinsic evidence relating to Mr. Webb's career as a litigator, and falsely characterizes certain cases in which Mr. Webb has been involved.  He also falsely testifies regarding the history of this case.

**Plaintiffs respectfully request the Court to consider this motion prior to disposition of the Omnibus Motion to Dismiss.**  Mr. Lucas' expert and percipient witness testimony is tightly woven into the Omnibus, and consideration of the Omnibus prior to opportunity to cross examine Mr. Lucas would constitute a deprivation of Plaintiff's Fifth and Seventh Amendment rights to notice and opportunity, and to confront witnesses.  With the grant of this motion Plaintiffs would also respectfully request the Court to continue the Omnibus Motion hearing to permit completion of Mr. Lucas' deposition and if necessary prepare and file supplemental briefing limited to the Rule 8 and Rule 41(b) issues.

2

1    Plaintiffs have set dates in the attached subpoena to coincide with the hearing

2    on this motion but will of course accommodate Mr. Lucas' schedule to arrange a

3    more convenient time to conduct his deposition.

4                        **II.        DISCUSSION**

5          Mr. Lucas is lead counsel for Defendant San Diego County Bar Association.

6    He represents himself to "have been designated by the Court as lead attorney to

7    prepare defendants' Ominbus Motion to Dismiss." Lucas Decl. ¶ 1, 1:26-27.  On

8    behalf of these entities, on March 28, 2014, Mr. Lucas filed an "Omnibus Motion to

9    Dismiss Plaintiff's First Amended Complaint" (Doc. 131) which attached a

10   supporting memorandum (Doc. 131-1) and his declaration (Doc. 131-2).

11         Both the memorandum and declaration proffer testimony and exhibits from Mr.

12   Lucas that constitute "matters outside of the pleadings" as that term is used in Federal

13   Rule of Civil Procedure Rule 12(d).  Mr. Lucas' specific assertions of fact and

14   opinion outside of the pleadings include:

15         1. *Lucas' Testimony and Opinion Re: His Personal Analysis of the First*

16   *Amended Complaint*: Beginning at paragraph 2 of Mr. Lucas' Declaration, Mr. Lucas

17   offers to testify that he has reviewed the entire complaint and all exhibits, which he

18   claims "are not readily identifiable, indexed, marked or organized."  He claims the

19   FAC asserts "every conceivable and inconceivable legal theory inbetween [sic]."  He

20   claims that he has spent "an inordinate amount of time along with my attorney staff

21   studying the FAC and the attached exhibits, I still cannot determine which exhibits

22   support the facts alleged, nor can I understand the purpose for which the exhibits are

23   attached."  He asserts that Exhibit 1 consists of a letter "demanding they stop the

24   "others" who are violating civil rights to persons involved in family law matters."

25   And that "[t]he letter is for the most part an unintelligible rant by plaintiff Stuart

26   against the family law system…"

27         On cross examination described below, Plaintiffs intend to establish that Mr.

28   Lucas' testimony is false and misleading.

                                    3

2. *Lucas, Staff, and Defendants' Analysis of Exhibits Testimony*:  Beginning at paragraph 3 of his declaration, Mr. Lucas offers to testify that "the additional documents plaintiffs attached as exhibits (again with no internal index and no chain of logic whereby a coherent analysis could be made of plaintiffs' points and evidence)."  Mr. Lucas claims that the exhibits contain "several guides put out by councils and organizations involved with family law matters" and that "Again, despite my best effort, I cannot decipher which documents relate to the claims against the SDCBA. Nor have I been able to determine to a reasonable degree of legal certainty what specific claims are being made against the SDCBA in the FAC which, even more so than the original Complaint, continues to be overly verbose, confusing and unintelligible."

On cross examination described below, Plaintiffs intend to establish that Mr. Lucas' testimony is false and misleading.

3. *Defendants' Omnibus Opposition:*  Mr. Lucas' false and misleading testimony and opinion also permeates the Omnibus memorandum.  He concludes that dismissal with prejudice as a sanction under Rule 41(b) is appropriate because, in his opinion, the FAC and Exhibits "fails to satisfy Rule 8" as a result of "poor lawyering."  The Omnibus alleges:

• The FAC is "unreasonably convoluted, confusing, and incomprehensible" (Omnibus 1:12-13);

• "The attachments appear to be exhibits but are not readily identifiable, indexed, marked, or organized. (Decl. Lucas ¶¶ 2, 3.)" (Omnibus X:X);

• "each defendant is forced to comb through pages of verbose, convoluted material to try to find any facts supporting any claim against them.  Multi-theory combination claims exist throughout the F AC and make it impossible for the court to analyze and for defendants to respond." (Omnibus 3:23-4:3);

• "… it is literally impossible to determine who is being sued for what." (Omnibus 4:7-10);

PLTFS MTN TO TAKE EARLY DISCOVERY
13-CV-1944 CAB BLM

• "The prejudice to the court and defendants is obvious in the inordinate amount of time and resources needed to review the F AC and respond." (Omnibus 7:23-24);

• "the FAC contains incomprehensible ramblings making it impossible to assert focused pleading attacks" (Omnibus 10:4-5);

• "Putting aside the implausible nature of the allegations that the SDCBA and many other private individual/entity defendants are all conspirators against Stuart in the state court orders and actions" (Omnibus 11:22-24);

• "the F AC is too difficult to understand as far as exactly who is asserting what claim against which defendant, the following may not cover every 12(b )( 6) defect. These are essentially those that jumped out." (Omnibus 13:4-6);

• "Although it is nearly impossible to find facts anywhere in this massive pleading," (Omnibus 14:3-4);

• "Applying the plausible test, and drawing upon the court's judicial experience and common sense, the court can determine plaintiffs cannot state claims under 42 U.S.C. section 1983 against all defendants." (Omnibus 14:16-18);

• The FAC so utterly defies the law set forth in Rules 8 and 9 that a dismissal with prejudice is proper, especially given this is not a case where a layperson plaintiff might be unfairly prejudiced by poor lawyering out of his control (Omnibus at 5:14).

This argument is tightly woven with Mr. Lucas' proposed false and misleading testimony, constituting opinion testimony extraneous to the FAC.

*4. Proposed Testimony Regarding Plaintiffs' Counsel Dean Browning Webb:* Mr. Lucas also proffers substantial testimony consisting of extraneous analysis of several cases involving California Coalition's counsel, Mr. Dean Webb. Specifically Mr. Lucas offers to testify:

• Defense counsel located orders by California District Courts denying and reversing attorney Webb's pro hac vice appointments, but was unable to locate a

5

database that would show whether his appointment in this case is improper because, for example, he has applied pro hac vice in other cases within the past year.

• Dean Browning Webb has been engaged in similar conduct for over 15 years despite being sanctioned by the Ninth Circuit Court of Appeals for it. *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183 (9th Cir. 1996) [sanctions against Dean Browning Webb affirmed for bad faith based on number and length of pleadings, timing of the filings, and substance of 4 claims, converting a simple debt collection into a full-fledged assault]. See also, *Stephens v. Marino, White, O'Farrell & Gonzalez*, 2011 WL 4747920, stating: "Many courts in this district and elsewhere have consistently and repeatedly warned Webb that his litigation practices are improper and problematic." The Stephens court cites several cases involving Webb's history of defective pleadings and prior warning he may be personally liable for "unreasonably and vexatiously multiplying proceedings." (See *Kauhi v. Countrywide Home Loans, Inc.*, 2008 WL 5191343; *Presidio Group, LLC v. Juniper Lakes Development, LLC*, 2010 WL 1331138. One judge even wrote a limerick about him. *Presidio Group, LLC v. GMAC Mortg. LLC*, 2008 WL 2595675.

On cross examination described below, Plaintiffs intend to establish that Mr. Lucas' testimony is false and misleading.

*5. Expert Opinion*: Mr. Lucas describes his experience as an attorney and offers nothing short of expert opinion testimony on the adequacy of the Complaint and Exhibits, and authority to offer such opinions on behalf of all other defendants:

I am an attorney licensed to practice law before all courts in the State of California. I am a shareholder in Lucas & Haverkamp Law Firm, attorneys of record for defendant San Diego County Bar Association (SDCBA) in this action and have been designated by the Court as lead attorney to prepare defendants' Ominbus Motion to Dismiss.

6

1   Based on this extraneous evidence which is irrelevant to any issue that will
2   *ever* be before this Court, Mr. Lucas opines that dismissal with prejudice and as a
3   sanction under Rule 41(b):

4       "This case is proof that Webb has ignored repeated warnings which shows
5       another chance to amend would be futile."

6   Mr. Lucas' proffered testimony is not merely argument.  He makes numerous
7   misrepresentations of matters entirely outside of the pleadings relating to Plaintiff's
8   counsel's prior engagements, Mr. Lucas and his "attorney staff" analysis of the
9   complaint and exhibits, his experience as an attorney, and offers that his opinions and
10  competence is a relevant benchmark for evaluating a complaint under Rule 8(a).  He
11  concludes that because he and his staff are befuddled in spite of "inordinate" study,
12  the Complaint constitutes "incomprehensible ramblings" (Omnibus at 9:4) and a
13  "bucket of mud." (Omnibus at 3).  Mr. Lucas' analysis of these extraneous matters
14  concludes that "dismissal with prejudice is proper" based on his diagnosis of what he
15  opines to be "poor lawyering" by Stuart, a plaintiff in pro se who Mr. Lucas claims
16  "knows the rules and chose to violate them."  Omnibus 5:14-17.

17  Plaintiff vigorously disputes Mr. Lucas's false and misleading *expert witness*
18  *testimony* that Stuart and Mr. Webb have committed "poor lawyering" or have
19  produced a complaint that fails to satisfy Rule 8.  Mr. Lucas has proffered his
20  willingness, availability, and competence to testify at hearing on these matters:

21      I have personal knowledge of the matters set forth herein and, if called as a
22      witness, could and would competently testify thereto." (Lucas Decl. 1:23-28).

23  Plaintiffs hereby move for an order that Mr. Lucas (1) appear for deposition
24  under oath regarding Mr. Lucas's representations, and (2) appear at hearing to testify
25  regarding the same subject matter (hereafter the "Lucas & Haverkamp Discovery").

26  **A. Good Cause Exists to Take Pre-Rule 26(f) Discovery**

27  District courts in this Circuit apply a conventional "good cause" standard in
28  determining whether early discovery is warranted under Rule 26(d). *See, e.g.,*

7

1  *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002); *IO*

2  *Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (E.D. Cal.

3  June 9, 2010); *Yokohama Tire Crop. V. Dealers Tire Supply, Inc*., 202 F.R.D. 612,

4  613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found

5  where the need for expedited discovery, in consideration of the administration of

6  justice, outweighs the prejudice to the responding party." *Semitool, Inc*., 208 F.R.D.

7  at 276.

8      Good cause requires plaintiff to show a need for "immediate access to the

9  requested discovery rather than postponing its ultimate production during the normal

10  course of discovery." *Id*.  Upon this showing, "[t]he Court weighs this benefit to the

11  administration of justice against the possible prejudice or hardship placed on

12  Defendants." *Id*.

13      Here, cross-examination of the extraneous, false, and misleading Lucas &

14  Haverkamp Discovery is immediately relevant to this Court's determination of the

15  Omnibus Motion to Dismiss and Joinders on several grounds.

16    a.  Lucas' Testimony Imports Extraneous Matter Necessary to Establish Grounds

17       Under *Nevijal*:

18      Defendants rely heavily on Mr. Lucas' misrepresentations, extraneous matter,

19  and insults in asserting their request in the OMNIBUS that the Court dismiss the FAC

20  with prejudice as a *sanction* under Rule 41(b).  The OMNIBUS positions a single

21  case—*Nevijal v. North Coast Life Ins. Co*., 651 F.2d 671 (9th Cir. 1981).—as the

22  centerpiece of the OMNIBUS: "On point here, in [*Nevijel*] the court also looked at

23  the plaintiffs history of alleging conspiracies and repeated failures to comply with the

24  Rules of Civil Procedure. (Id. at pp. 674-675.) The plaintiffs history in other cases

25  supported the conclusion that dismissal with prejudice was not an abuse of discretion.

26  (Id.)." (Omnibus 7:15-19) and "Stuart and his counsel have engaged in a pattern of

27  violating the Rules indicative of an unwillingness to comply such that another request

28  to comply would be futile." (Omnibus 7:25-27).  To align *Nevijel* as "on point"

Defendants must assert extraneous *expert testimony and misrepresentations of fact* regarding Webb's "prior history."  While demonstrable falsehoods, the allegations enable Defendants' assertion of the extravagant remedy of dismissal as a sanction under Rule 41(b).  Absent *Nevijal*, that remedy fails.  Yet without an opportunity to cross examine Mr. Lucas and his "attorney staff" his extraneous opinions remain impugned, constituting onerous prejudice to Plaintiffs.

   b. Lucas' Competence to Testify Regarding Exhibits to Complaint:

Mr. Lucas' offers nothing short of expert opinion testimony in his analysis of the FAC and exhibits, putting his competence and credibility as an expert and percipient at issue.  If permitted to cross examine Mr. Lucas, Plaintiffs will establish the his testimony is entirely contrived for purposes of persuading this Court toward an improvident dismissal on Rule 8 grounds in an extravagant request for sanctions under Rule 41(b).  For example, Mr. Lucas testifies an inability to recognize exhibits to the First Amended Complaint.  Yet his own declaration and the OMNIBUS demonstrate such testimony is deplorable fabrication.  Mr. Lucas states: "The attachments appear to be exhibits but are not readily identifiable, indexed, marked, or organized."  Yet Mr. Lucas can and does successfully identify numerous exhibits.  He describes Exhibit 1:

> For example, Exhibit 1 appears to consist of some 156 pages, the first 33 pages being a Cease and Desist letter from plaintiff Stuart to Mayor Filner and the Family Justice Center Alliance (FJCA)

9

*California Coalition for Families and Children, et al. vs.*
*San Diego County Bar Association, et al,*

United States District Court, Southern District of California
Exhibits to Complaint

Mr. Lucas' ability to identify Exhibit 1 should be no surprise: Page 1 of the pleading "Exhibits to Complaint" (Doc. 90-1) appears to the left.

# Exhibit 1

Cal. Coalition for Families and Children v. San Diego County Bar Ass'n       CCFC Master Exhs. P1
13 cv 1944 CAB BLM

Exhibit 2 is also not a challenge to identify:

*California Coalition for Families and Children, et al. vs.*
*San Diego County Bar Association, et al,*

United States District Court, Southern District of California
Exhibits to Complaint

# Exhibit 2

Cal. Coalition for Families and Children v. San Diego County Bar Ass'n       CCFC Master Exhs. P577
13 cv 1944 CAB BLM

10

On cross examination, Plaintiffs will establish that Mr. Lucas uses a similar—indeed far less informative method for identifying his own exhibits as follows:



Plaintiff will establish on cross examination that Mr. Lucas' professed inability to identify Exhibits to Plaintiffs First Amended Complaint is entirely disingenuous.

Mr. Lucas' also professes an inability to recognize page numbering of Plaintiffs' exhibits.  He claims the consecutively numbered exhibits "are not readily identifiable, indexed, marked or organized."  On cross examination Plaintiffs will confront Mr. Lucas the footer on *every page* of each exhibit consecutively marked as follows:

*Page 1:*

**Cal. Coalition for Families and Children v. San Diego County Bar Ass'n**          **CCFC Master Exhs. P1**
**13 cv 1944 CAB BLM**


*Page 2:*

**Cal. Coalition for Families and Children v. San Diego County Bar Ass'n**          **CCFC Master Exhs. P2**
**13 cv 1944 CAB BLM**


*Page 3:*

11

The page numbers continue upward, one number at a time.  Assuming Mr. Lucas will not disclaim an ability to count Arabic numerals, his credibility is at issue.

Plaintiffs further intend to impugn Mr. Lucas' credibility as a competent witness in giving opinions regarding "legal certainty": "Nor have I been able to determine to a reasonable degree of legal certainty what specific claims are being made against the SDCBA in the FAC."  Lucas Decl. 2:22-23.  His proposed testimony is belied by the Omnibus Memorandum of his own drafting, which identifies many claims against SDCBA.  For example, Mr. Lucas offers his analysis with Claim 3.2 as follows:

**Racketeering Claim For Relief 3.2**
**Kidnapping**
**Cal.Pen. C. §207(a)**
**Against City Attorney Defendants, Groch, Gore**

1049. This is a claim for kidnapping ... against each City Attorney defendant, SDCBA, SDCBA Doe 2, Chubb, Chubb Doe 1, Groch, and Gore based upon their activities in the MALICIOUS PROSECUTION, PROSECUTORIAL MISCONDUCT, and each of the six FALSE IMPRISONMENTS.

Mr. Lucas offers his analysis:

The SDCBA is not named in the title, but is identified in the paragraph beneath the title, which appears to be a tactic to force all 58 defendants to read through every page and line of this manifesto to try to figure out who is suing whom for what.

Mr. Lucas has clearly identified the claim as against SDCBA.  All remaining claims are similarly so identified.  At deposition, unless Mr. Lucas proclaims an

1  inability to read English, he will have little choice but to impugn his testimony that he

2  cannot fathom this organization of the First Amended Complaint.

3      Plaintiffs intend to further cross examine Mr. Lucas' experience and perception

4  in giving opinions regarding the relevant standard of care in the legal profession.  Mr.

5  Lucas complains that he and other Defendants will have to "read through every page

6  and line to try to figure out who is suing whom for what."  Mr. Lucas accused

7  Plaintiffs of deploying a "tactic" of forcing each Defendant to read the entire

8  complaint.  Plaintiffs intend to cross-examine Mr. Lucas on the foundation of his

9  opinion that reading through every page and line of a complaint in order to

10  understand who is being sued by whom is anything other than the least that may be

11  expected of any competent lawyer.

12      c.  Facts Contradicting Mr. Lucas' Recounting of Litigation History

13      In the OMNIBUS Mr. Lucas misrepresents his own involvement in this

14  litigation prior to his filing the Omnibus brief.  He states that "the court granted prior

15  motions to dismiss for failure to comply with Federal Rule of Civil Procedure 8."

16  This is inaccurate.  In truth, the two motions to dismiss heard on December 19, 2013

17  were granted in part with leave to amend.  They were the first motions to dismiss and

18  by only two groups of defendants—the San Diego Superior Court group (the county

19  court and several judges) and the Commission on Judicial Performance group

20  (judicial oversight body and its employees).  Only the Superior Court group asserted

21  Rule 8 grounds.  All remaining motions were "deemed withdrawn" by the Court at

22  hearing on December 29, 2013.  As such, for all defendants other than the Superior

23  Court Group and the Commission group, the FAC is the first and only complaint.

24      On cross examination Plaintiffs intend to establish that Mr. Lucas' testimony is

25  false and misleading.

26

27

28

### III.        CONCLUSION

Good cause exists for leave to take Mr. Lucas' testimony prior to the hearing on this matter per the attached subpoena or at a time and place to be scheduled for convenience by the parties.

DATED: May 20, 2014                    By: /s/   Dean Browning Webb

                                       DEAN BROWNING WEBB
                                       ATTORNEYS AND COUNSELORS AT
                                       LAW FOR PLAINTIFF:
                                       COALITION FOR FAMILIES and
                                       CHILDREN, PBC, a Delaware Corporation

DATED: May 20, 2014                    By: /s/ *Colbern C. Stuart III*

                                       Colbern C. Stuart, III, President,
                                       California Coalition for Families and
                                       Children, PBC, in Pro Se

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(E). Any other counsel of record will be served by facsimile transmission and/or first class mail this 20th day of May, 2014.


DATED: May 20, 2014                    By: /s/  *Colbern C. Stuart III*

                                       Colbern C. Stuart, III, President,
                                       California Coalition for Families and
                                       Children, PBC
                                       in Pro Se

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b )(2)(E). Any other counsel of record will be served by facsimile transmission and/or first class mail this 20th day of May, 2014.

By: /s/_____

Colbern C. Stuart, III, President,
California Coalition for Families and
Children, PBC
in Pro Se

-1-

**PLTFS OBJECTIONS TO DFNDTS RJN ISO OMNIBUS**

3:13-cv-1944 CAB BLM

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| California Coalition for Families and Children, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    13-cv-1944 CAB (BLM) |
| San Diego County Bar Association, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                             Stephen Lucas

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place:   4350 Executive Drive, Suite 260 <br> San Diego, California 92121 | Date and Time: <br><br>      06/21/2014 9:00 am |

           The deposition will be recorded by this method:    Stenography, videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All Documents referenced in Defendants' Omnibus Motion to Dismiss, Memorandum in Support, Declaration of Stephen Lucas in Support, Request for Judicial Notice in Support

           The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                 *CLERK OF COURT*

                                     OR

         _____          _____

           *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Colbern Stuart

, who issues or requests this subpoena, are:

California Coalition for Families and Children, PBC, 4891 Pacific Hwy Ste 102, San Diego, CA 92110,  858.504.0171

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _13-cv-1944 CAB (BLM)_____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❏ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

      I declare under penalty of perjury that this information is true.

Date: _____

                                           _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).