# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COALITION FOR FAMILIES AND CHILDREN and COLBERN C. STUART,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY BAR ASSOCIATION et al.,<br><br>Defendants. | CASE NO. 13-cv-1944-CAB (JLB)<br><br>ORDER DISMISSING CASE WITH PREJUDICE, DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, AND DENYING DEFENDANTS' MOTION FOR SANCTIONS |

This matter comes before the court on the omnibus motion to dismiss filed by defendant San Diego County Bar Association and on the joinders and supplemental motions of additional defendants. [Doc. Nos. 131, 134-135, 137-152.] Also before the court is plaintiffs' motion for a preliminary injunction and certain defendants' motion for sanctions. [Doc. Nos. 109, 160.]

## BACKGROUND

This action was initiated in August 2013. [Doc. No. 1.] The original complaint totaled 175 pages (plus 1156 pages of exhibits) and named about fifty defendants. After hearing oral argument on several defendants' motions to dismiss, the court dismissed

the original complaint with leave to amend. The complaint was dismissed as to the two corporate plaintiffs, Lexevia, PC and California Coalition for Families and Children, because corporations must appear in court through an attorney. *D-Beam Ltd. P'Ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); CivLR 83.3(k). The court dismissed plaintiff Colbern C. Stuart's claims because he failed to comply with Rule 8 of the Federal Rules of Civil Procedure. In affording plaintiffs leave to amend, the court noted that while Stuart proceeds *pro se*, he was formerly a licensed attorney with a complex litigation practice and should be capable of crafting a complaint in compliance with Rule 8.

Stuart and California Coalition filed their amended complaint on January 9, 2014.[1] [Doc. No. 90.] California Coalition is now represented by counsel Dean Browning Webb. Plaintiffs' amended complaint totals 251 pages, with 1397 more pages in exhibits. The allegations generally relate to four occurrences: Stuart's dissolution proceedings, his criminal prosecution, events at a San Diego County Bar Association seminar, and defendants' demands that Stuart remove references to judges' home addresses in the original complaint. About sixty defendants are named, some of whom are referenced only several times throughout the complaint's 1200-plus paragraphs. For instance, defendant Steven Jahr, identified as the Administrative Director of the Administrative Office of the Courts, is mentioned by name in only seven paragraphs. [*Id.* ¶¶ 12, 698, 700, 702, 738, 915k, 931.] Similarly, the only factual allegations against defendant Meredith Levin are that she is an attorney licensed to practice in California and an organizer of the SDCBA seminar. [*Id.* ¶¶ 43, 110, 152, 915nn.]

Plaintiffs divide their complaint into fifteen counts, an additional eleven RICO counts, and two counts for prospective relief. Each of the first fifteen counts is further divided into "claims." For example, Count 1 is broken down into Claims 1.1 through 1.13. In total, plaintiffs assert about 75 "claims" in their first 15 counts.

---

[1] Lexevia is no longer a party.

Some of plaintiffs' assertions are so implausible as to be offensive. For instance, plaintiffs accuse well over fifty defendants (including judges, attorneys, doctors, social workers, and law-enforcement officers) of conspiring to commit racketeering activity including enticement into slavery, sale into involuntary servitude, transportation of slaves, and service on vessels in slave trade, 18 U.S.C. §§ 1583-1586. [*Id.* ¶ 1000.]

Further, as with the original complaint, plaintiffs fill the amended complaint with their unique acronyms,[2] defined terms,[3] and terms with no discernable meaning.[4] Look for instance at paragraphs 683 and 684:

> 683. ALKSNE further maintained supervisory responsibility over each STUART ASSAULT COORDINATOR, the PREPARATION AND PLANNING of the SDCBA SEMINAR, and in the conduct and operation of the SD-DDICE, DDI-FICE, DDI-IACE, and STUART-AHCE ENTERPRISES. She is further a principal conductor and participant of the DDICE, the SD-DDICE, DDI-FICE, DDI-IACE, and supervisor of all San Diego affiliates and participants thereof.
>
> 684. On information and belief, ALKSNE CULPABLY and UNREASONABLY failed to perform her own PROFESSIONAL DUTIES and one or more SUPERVISORY DUTY over her subordinates, setting in motion the subordinate's acts as elsewhere

---

[2] Plaintiffs' acronyms include: AHCE ("Ad Hoc Criminal Enterprise"), DDI ("Domestic Dispute Industry"), DDIA ("Domestic Dispute Industry Advocates"), DDICE ("Domestic Dispute Criminal Enterprise"), DDI-FICE ("Domestic Dispute Industry Forensic Investigator"), DDI-IACE ("Domestic Dispute Industry Intervention Advocate Criminal Enterprise"), DDIJO ("Domestic Dispute Industry Judicial Official"), DDISO ("Domestic Dispute Industry Security Officers"), DDISW ("Domestic Dispute Industry Social Workers"), DDIL ("Domestic Dispute Industry Litigants"), DVILS ("Domestic Violence Intervention Legislative Scheme"), FFR ("Family Federal Rights"), FFRRESA ("Federal Family Rights Reform, Exercise, Support, and Advocacy"), FICRO ("Federal Indictable Civil Rights Offenses"), and SAD ("Scheme and Artifice to Defraud").

[3] For instance, plaintiffs provide their own definitions for the following terms: ACCESS TO JUSTICE, ASSOCIATION, BUSINESS DEVELOPMENT, CHILL, CLAIM AND DEMAND, COLOR OF LAW DEFENDANTS, COMMERCIAL PURPOSES, COMMERCIAL SPEECH, CRUEL AND/OR UNUSUAL PUNISHMENT, CULPABLY, DOMESTIC RELATIONS CLASS, DOYNE TERRORISM, DUE ADMINISTRATION OF JUSTICE, ENGAGEMENT, EQUAL PROTECTION CLASSES, ENTERPRISE ALLEGATIONS, EXCESSIVE FORCE, EXPRESSION, FALSE IMPRISONMENT, HARASSMENT AND ABUSE, MALICIOUS PROSECUTION, OBSTRUCTION OF JUSTICE, THE PIT, PLANNING AND DELIVERY, POSITION UNDER THE UNITED STATES, PRIVACY, PROFESSIONAL DUTIES, PROSECUTORIAL MISCONDUCT, PUBLIC BENEFIT ACTIVITY, SEARCH AND SEIZURE, STUART ASSAULT, STUART ASSAULT COORDINATOR, SUBSTANTIVE DUE PROCESS, SUPERVISING DEFENDANTS, and UNREASONABLY.

[4] Plaintiffs repeatedly use terms like "black hat," "false flag," "kite bombs," "paperwads," and "poser advocacy."

> alleged, depriving Plaintiffs of rights as elsewhere alleged, causing injury in a nature and amount to be proven at trial.

[Doc. No. 90 ¶¶ 683, 684] (capitalization in original). To understand these paragraphs, one must flip back and forth to obtain definitions of terms defined in paragraphs 152 (STUART ASSAULT COORDINATOR), 931 (SD-DDICE), 940 (DDI-FICE), 937 (DDI-IACE), 944 (STUART AHCE), 147 (CULPABLY and UNREASONABLY), and 637 (SUPERVISORY DUTIES).[5]

Defendants often can't determine whether claims are asserted against them. One cause of defendants' trouble is plaintiffs' inconsistent definitions. For instance, plaintiffs first define the "CITY ATTORNEY DEFENDANTS" as defendants Emily Garson, Jan Goldsmith, and Christine Goldsmith, but later expand that group to also include Judges Wohlfeil and Schall. [*Id.* ¶¶ 349, 383.] Thus, Judges Wohlfeil and Schall cannot be sure whether Claim 3.6, asserted "against all CITY ATTORNEY DEFENDANTS," is asserted against them. [*Id.* ¶ 498.] Similarly, plaintiffs sometime identify a particular group of defendants in a claim heading, then modify that group in the ensuing paragraph. For instance, the defendants identified in the header for plaintiffs' "Racketeering Claim for Relief 3.2" are "CITY ATTORNEY DEFENDANTS, GROCH, GORE," but the ensuing paragraph additionally identifies the SDCBA. [*Id.* ¶ 1049.]

## DEFENDANTS' MOTIONS TO DISMISS

After the amended complaint was filed, the court held a case management conference and established a briefing schedule for defendants' motions to dismiss. [Doc. No. 107.] In accordance with that schedule, defendant San Diego County Bar Association filed an omnibus motion to dismiss. [Doc. No. 131.] Two weeks later, additional defendants filed joinders and supplemental motions to dismiss. Plaintiffs responded in opposition to the motions, and defendants replied.

---

[5] *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 377 (7th Cir. 2003) ("The acronyms alone force readers to look elsewhere . . . . To understand the paragraph one would have to read two exhibits and seventy-seven paragraphs scattered throughout the third amended complaint!")

In their motions to dismiss, defendants argue many grounds for dismissal, some applicable to all defendants, some tailored to subsets or individual defendants. A recurring contention–one which the court finds meritorious–is that the amended complaint should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires a pleader to put forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As this court noted in its previous order dismissing the original complaint, the Ninth Circuit has affirmed dismissal on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996), "verbose, confusing and conclusory," *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981), or where it is "impossible to designate the cause or causes of action attempted to be alleged in the complaint," *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980). Further, the Ninth Circuit has "affirmed dismissal with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8, even where the heightened standard of pleading under Rule 9 applied." *McHenry*, 84 F.3d at 1178 (citing *Schmidt*, 614 F.2d at 1223-24); *see also Nevijel*, 651 F.2d at 673.

Here, in dismissing the original complaint, the court noted that while Stuart proceeds *pro se*, he was formerly a licensed member of the California bar with a complex litigation practice. [Doc. No. 88 at 9.] Thus, the court informed Stuart of its expectation that his amended complaint would comply with Rule 8. [*Id.*] Instead, plaintiffs' amended complaint–which was signed by Stuart and by Dean Browning Webb as attorney for California Coalition–is even longer than the original and remains unmanageable, argumentative, confusing, and frequently incomprehensible. [Doc. No. 90.]

Plaintiffs' repeated failure to comply with Rule 8(a) prejudices defendants, who face "the onerous task of combing through [plaintiffs' lengthy complaint] just to prepare

an answer that admits or denies such allegations and to determine what claims and allegations must be defended or otherwise litigated." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). And plaintiffs' noncompliance harms litigants in other matters pending before the court. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).[6]

CONCLUSION

Plaintiffs' original complaint was dismissed in part for failure to comply with Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the court afforded plaintiffs an opportunity to amend their complaint to comply with Rule 8, plaintiffs filed an equally unmanageable amended complaint. Due to plaintiffs' inability–or unwillingness–to file a complaint that complies with Rule 8, the court finds that granting further leave to amend would unduly prejudice defendants. Accordingly, defendants' pending motions to dismiss are granted, and this action is dismissed with prejudice. In light of this dismissal, the court denies plaintiffs' motion for preliminary injunction. [Doc. No. 109.]

Finally, the court has reviewed the motion for sanctions filed by the Superior Court of California, County of San Diego and the Administrative Office of the Courts. [Doc. No. 160.] Although the court finds that plaintiffs' amended complaint fails to comply with Rule 8, and the amended submission is even more unmanageable than the original (despite the court's admonishment that plaintiffs rid the pleading of its voluminous surplusage and argumentative text), the court does not conclude that

---

[6] "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).

plaintiffs' filing was made solely for the purpose of harassing the defendants or in contempt of the court's order to file a Rule 8 compliant pleading. No monetary sanction will be awarded, and the motion for sanctions is denied.

**IT IS SO ORDERED.**

DATED: July 8, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge